# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DAVID SANCHEZ-DOMINGUEZ,

    Plaintiff

v.

DR. YUP, et al.,

    Defendants

Case No.: 3:24-cv-00425-ART-CSD

**Order**

Re: ECF No. 23

Plaintiff has filed a motion for appointment of counsel. (ECF No. 23.)

"[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id*. (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991) (citation omitted).

Plaintiff argues that counsel should be appointed because he is indigent, lacks a legal education, has limited law library access, and has a limited ability to speak English. He further contends that his claim is complex and will turn on complex medical questions and will likely require expert testimony.

Indigence, the lack of a legal education or familiarity with the law and limited access to a law library are circumstances common to almost all pro se inmate litigants and generally do not rise to the level of exceptional circumstances.

Nor does the court find that Plaintiff's Eighth Amendment claim regarding his dental needs is not unduly complex.

Moreover, the need to conduct research, investigation and discovery are common to all litigation and do not automatically make a case complex. Plaintiff does not identify any particular issue that will require expert testimony, or a medical question that is too complex.

While Plaintiff may have a limited ability to speak English, up to this point he has been able to adequately articulate his claims and proceed in this litigation, at times with the assistance of an interpreter in court proceedings.

The court does not find that exceptional circumstances justify the appointment of counsel. Therefore, Plaintiff's motion will be denied.

## CONCLUSION

Plaintiff's motion for appointment of counsel (ECF No. 23) is **DENIED**.

**IT IS SO ORDERED**.

Dated: July 1, 2026

_____
Craig S. Denney
United States Magistrate Judge

2